SHARON MACK V. HAROLD COMER

NO. 07-00-0295-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 11, 2000

______________________________

SHARON MACK,

Appellant

v.

HAROLD COMER, 

Appellee

_________________________________

FROM THE 223
RD
 DISTRICT COURT OF GRAY COUNTY;

NO. 30,996; HON. MARVIN MARSHALL, PRESIDING

_______________________________

DISMISSAL

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ. 

Sharon Mack (Mack) filed a notice of appeal from the trial court’s judgment entered on March 24, 2000.   On July 19, 2000, this Court received a request for an extension of time from the trial court clerk explaining that Mack had “not paid or made arrangements to pay for the record.”  By letter dated August 24, 2000, this Court notified all counsel, Mack, and the trial court clerk that if payment was not tendered within ten (10) days from the date of the letter, the appeal would be subject to dismissal.  To date, Mack has not responded to our letter nor has she provided evidence indicating that 1) the clerk’s record has been paid for, 2) arrangements have been made for the payment of said record, or 3) that she is indigent and entitled to proceed as a pauper.

The Texas Rules of Appellate Procedure require Mack to pay for the clerk’s record,  make arrangements for the payment of same, or establish that she is entitled to appeal without paying for same.  
Tex. R. App. P
. 35.3(a)(2).  Furthermore, should Mack fail to comply with that directive, we may dismiss the appeal for want of prosecution.  
Id.
 at Rule 37.3(b).  So too may we dismiss the appeal upon her failure to comply with the requirements of the appellate rules of procedure or respond to a notice from the clerk.  
Id.
 at Rule 42.3(c).   

     Because Mack has not responded to the clerk’s August 24
th
 letter or tendered proof that she 1) paid for the clerk’s record, 2) made arrangements to pay for same, or 3) is a pauper, we dismiss the appeal pursuant to Rules 37.3(b) and 42.3(c).

   

                                    Brian Quinn 

    Justice 

 

 

Do not publish.